John C. GAGER, Appellant,

v.

"BOB SEIDEL," Seidel's Restaurant, Appellees.

No. 17584.

United States Court of Appeals
District of Columbia Circuit.

Argued June 11, 1963.

Decided June 20, 1963.

Mr. John C. Gager, appellant, pro se.

No brief was filed and no appearance was entered for appellees.

Before EDGERTON, Senior Circuit Judge, and WILBUR K. MILLER and DANAHER, Circuit Judges.

PER CURIAM.

Gager sued certain police officers and the present appellees to enjoin them from bringing criminal charges against him for parking in what he alleged to be a private alley, the owner of which had authorized him to park therein. He also sought damages. The District Court granted summary judgment to all defendants. On appeal we affirmed as to the police officers; but as to Seidel we held the complaint stated a cause of action which, if proved, would entitle Gager to recover, and remanded for "such further proceedings as the parties may be advised." Gager v. "Bob Seidel," 112 U.S. App.D.C. 135, 141, 300 F.2d 727, 733,

cert. denied Gager v. Seidel, 370 U.S. 959, 82 S.Ct. 1612, 8 L.Ed.2d 825 (1962).

At the close of Gager's evidence in the trial following remand, the District Court directed a verdict for Seidel. On this appeal, Gager asserts the District Court erred in excluding a letter addressed to him by one Inspector Layton, and in directing a verdict against him.

To substantiate his claim against Seidel, it was necessary for Gager to prove (1) that the alley in question was private property on which he was authorized to park, and (2) that Seidel knew this when he caused him to be prosecuted for illegal parking. The abbreviated record filed in this court by the appellant reveals no proof on these points except a showing that on one occasion he was acquitted when tried on a criminal charge in Municipal Court. Gager seems to argue this was enough to show the alley was a private one in which he had a right to park, and that the Municipal Court's judgment of acquittal is *res judicata* here. We do not agree. In our view, the record before us does not show he proved the two points upon which his right to recover from Seidel depended. Hence, it does not appear that the District Court erred in directing a verdict for Seidel.

The excluded exhibit seems to have been a reply, dated March 15, 1960, to a letter written by the appellant under date of March 7, 1960. Inspector Layton summarized the outcome of certain parking violation cases against Gager which had been prosecuted in the Municipal Court. There was no showing that the Inspector's letter was written on behalf of the appellee Seidel or that its contents could be said to constitute competent evidence binding upon the appellee. Even if on some theory the letter properly could have been received, its recitals were merely cumulative, and its exclusion in no way prejudiced the appellant.

Affirmed.